IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AKEEM HOPKINS, individually and as a representative of the class, | )<br>)<br>) |
| Plaintiff, | ) Case No. 16 C 7907 |
| v. | )<br>) Judge Robert W. Gettleman |
| STAFFING NETWORK HOLDINGS, LLC, d/b/a Staffing Network, LLC, and QUALITY PLACEMENT AUTHORITY, LLC, | )<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Akeem Hopkins brought a one count putative class action complaint in the Circuit Court of Cook County, Illinois, against defendants Staffing Network Holdings, LLC, d/b/a Staffing Network, LLC and Quality Placement Authority, LLC, alleging a violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et seq. Defendants removed the case to this court and the moved to dismiss (Doc. 9) for lack of standing under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defendants' motion also sought a determination that "class action is non-maintainable." Because standing is a threshold issue and defendants' argument is based on the Supreme Court's recent decision in Spokeo v. Robins, __ U.S. __, 136 S.Ct. 1540 (2016), the court limited briefing to that issue. For the reasons stated below, the court grants defendants' motion and remands this matter to the Circuit Court of Cook County, Illinois.

## **FACTS**

Defendants provide staffing services to companies that need temporary industrial professional works. Because some of its customers require defendants to run background checks

on the potential temporary workers, defendants entered into an agreement with Ferret Background Check to conduct the checks. Ferret provided defendants with a Disclosure Regarding Background Investigation Form ("Disclosure Form"), which defendants provided to the temporary workers. After the temporary workers signed an authorization, Ferret conducted the background check. Plaintiff applied for a position with defendants on January 4, 2016. He received the Disclosure Form and signed the authorization form.

      Plaintiff claims that the Disclosure Form violates § 1681b(b)(2)(A), which provides that:

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer unless –

(i)       a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and,

(ii)      The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

      According to plaintiff, the Disclosure Form he received was not a stand-alone document and contained extraneous information. He alleges that his privacy was invaded when Ferret conducted the background check and procured a consumer report on him. He does not allege that he did not know that defendants would receive a consumer report, that the consumer report contained inaccurate information, that he was confused by the alleged "extraneous information" in the Disclosure Form, or that he would not have signed the form absent that information.

**DISCUSSION**

Defendants argue that plaintiff lacks standing under Article III of the Constitution, which limits federal judicial power to certain cases and controversies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Article III standing has three elements: (1) the plaintiff must have suffered an injury in fact, an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendants; and (3) it must be redressable by a favorable decision. Id. at 560-61.

Relying on the Supreme Court's recent decision in Spokeo, defendants argue that plaintiff has not alleged a concrete injury. The court agrees.

In Spokeo, the plaintiff sued to enforce § 1681e(b) of the FCRA, which the court described as a consumer protection statute intended to ensure fair and accurate reporting. The defendant, Spokeo, Inc., was an alleged consumer reporting agency that operated a website on which users could search for information on a particular person. In response to an inquiry, the website searched a wide variety of data bases and provided certain information about the subject, such as name, address, telephone number, marital status, age, occupation, finances and education. The plaintiff sued Spokeo after discovering that Spokeo had incorrectly reported that he was married, had children, was in his 50s, was employed and relatively affluent, holding a graduate degree. The plaintiff claimed that Spokeo had violated § 1681e(b), which provides that consumer reporting agencies must "follow reasonable procedures to assure maximum possible accuracy" of consumer reports. Spokeo, 136 S.Ct. at 1545-46.

The district court dismissed the complaint, concluding that the plaintiff had not properly pled an injury in fact. Id. at 1546. The Ninth Circuit reversed, concluding that the plaintiff had alleged an injury in fact by alleging that "'Spokeo violated his statutory rights, not just the statutory rights of other people,' and because his 'personal interests in the handling of his credit information are individualized rather than collective.'" Id. (emphasis in original)(quoting Robins v. Spokeo, Inc., 742 F.3d 409, 412 (9th Cir. 2014)).

The Supreme Court vacated the Ninth Circuit's decision, explaining that concrete and particularized are separate and distinct concepts, and that both must exist for standing. It concluded that the Ninth Circuit's reasons for finding that the plaintiff had suffered an injury in fact demonstrated only that the harm the plaintiff alleged was particularized, but not concrete. Spokeo, 136 S.Ct. at 1548-1550.

To be concrete, the injury must be "de facto," meaning it must actually exist. Id. at 1548. "When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term – 'real' and not 'abstract.'" Id. An injury does not have to be tangible, however, to be concrete. "'Concrete' is not, however, synonymous with 'tangible.'" Id. at 1549. The Court noted that both history and the judgment of Congress play important roles in determining whether an intangible injury constitutes an injury in fact. Id. But even though "Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law," a plaintiff does not automatically satisfy the "injury in fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a

4

statutory violation." Id. Thus, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." Id.

As the court noted, the violation of a procedural right guaranteed by statute can be sufficient in some circumstances to constitute a concrete injury, in which case a plaintiff need not allege any additional harm other than what congress has identified. Id. In other cases, however, a plaintiff would need to allege more than a mere violation of a procedural right, because the violation may not result in any harm. The Court concluded that a violation of § 168(e(b) was such a case because "not all inaccuracies cause harm or present any material risk of harm." Id.

As Judge Kennelly aptly noted in A.D. v. Credit One Bank, N.A., 2016 WL 4417077, *6 (N.D. Ill. Aug. 19, 2016), the Supreme Court's point in Spokeo was not that a statutory violation cannot constitute an injury in fact, but "that where the bare violation of a statute conferring a procedural right could cause a congressionally identified harm or material risk of harm and just as easily could not, it is not sufficient simply to allege that the statute at issue was violated."

In the instant case, § 1681b(b)(2)(A) is an adoption of a procedure designed to decrease a congressionally identified risk of harm, the use of a credit report without proper disclosure or authorization. A technical violation of this section, such as including too much information on the Disclosure Form as alleged by plaintiff, may result in a prospective employee authorizing the use of a credit report when he or she did not intend to do so, but it may just as easily fail to cause any harm, because the prospective employee understood exactly what was being authorized. Consequently, the court concludes that charging a violation of this section of the FCRA is "not necessarily the same as charging the defendant with causing a congressionally-identified

5

concrete injury that gives rise to standing to sue. Id. at *6. Thus, a bare allegation of a violation of this section, without more, does not allege a concrete injury. In this regard, the court agrees with the decision in Smith v. The Ohio State University, 2016 WL 3182675 (S.D. Ohio June 8, 2016), and respectfully disagrees with the conclusions in Thomas v. FTS USA, LLC, __ F.Supp.3d __, 2016 WL 3653878 (E.D. Va. June 30, 2016), and Moody v. Ascenda USA, Inc., 16-cv- 60364 (S.D. Fla. October 5, 2016), (which plaintiff submitted to the court on October 14, 2016, as additional authority), that § 1681b(b)(2) creates substantive rather than procedural rights. Moody, relied on the Eleventh Circuit's unpublished order in Church v. Accretive Health, Inc., __ Fed. Appx.__, 2016WL 3611543 (11th Cir. 2016), which involved a claim that a debt collection letter failed to contain required information in violation of the Fair Debt Collection Practices Act ("FDCPA"). The court in Church held that the FDCPA created a substantive right to receive certain information. In contrast, the instant case does not allege a failure to receive required information, but rather that plaintiff received the required information in an improper format.[1]

Plaintiff has alleged only that the Disclosure Form was not a stand-alone document and that it contained "extraneous information." He has not alleged that he signed the document by mistake, that he did not understand what he was signing, that he did not want to authorize that defendant receive a credit report, that the credit report contained inaccurate information, or that

---

[1]Plaintiff's reliance on pre-Spokeo opinions, particularly Judge Kennelly's opinion in Rodriguez v. Sprint/United Mgmt. Co., 163 F.Supp.3d 529 (N.D. Ill. 2016), is unpersuasive. Rodriguez relied on the now vacated Ninth Circuit opinion in Spokeo. Id. at 533. Since Spokeo, Judge Kennelly has twice recognized that § 1681b(b)(2) adopts procedures to decrease congressionally-identified risks, rather than creating substantive rights. A.D., 2016 WL at *6; Aranda v. Caribbean Cruise Line, Inc., __ F.Supp.3d __, 2016 WL 443995, *4-5 (N.D. August 23, 2016).

he was harmed in any other way. Consequently, the court concludes that plaintiff has failed to allege an injury in fact and lacks Article III standing.

Contrary to defendants' request simply to dismiss the case, under 28 U.S.C. § 1447(c), the court is required to remand the case to the Circuit Court of Cook County, Illinois. Smith v. Wisconsin Department of Agriculture, Trade and Consumer Protection, 23 F.3d 1134, 1142 (7th Cir. 1994). Article III's "case or controversy limitations apply only to the federal courts." Id. Defendant may be correct that the state court will dismiss on state law grounds, but § 1447(c) is mandatory, and Illinois' doctrine of standing is "the business of the [Illinois] courts." Id.

## CONCLUSION

For the reasons described above, the court grants defendants' motion to dismiss for lack of standing (Doc. 9) and remands this matter to the Circuit Court of Cook County, Illinois.

**ENTER:** **October 18, 2016**

_____
**Robert W. Gettleman**
**United States District Judge**

7